UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Claude E. Ashley and ) <br> Elissa R. Ashley, ) <br>  ) <br>     Plaintiffs, ) <br> vs. ) <br>  ) <br> Waffle House, Inc., ) <br>  ) <br>     Defendant. ) <br> _____) | Civil Action No.: 6:04-22052-RBH <br><br><br><br><br> **ORDER DENYING** <br> **SUMMARY JUDGMENT** |

This is a premises liability action for personal injuries and loss of consortium. Plaintiffs originally filed this case in the Greenville County Court of Common Pleas. The defendant removed the case to this Court on the basis of diversity of citizenship under 28 U.S.C. §1332.

Defendant moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment on the basis that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law. The grounds for the motion are that (1) the defendant owed the plaintiff no duty to warn of the presence of the snow and ice near its entrance nor any duty to remove the snow and ice from the entry way and sidewalk; and (2) that the claims of the plaintiffs are barred by the doctrine of comparative negligence.

**LEGAL STANDARD ON MOTION FOR SUMMARY JUDGMENT**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P.

1

56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id*. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id*., *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

In this case, the defendant "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick County Commrs*, 945 F.2d 716, 718 (4th Cir. 1991) (*citing Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)). If the defendant carries this burden, "the burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." *Id*. at 718-19 (*citing Anderson*, 477 U.S. at 247-48).

Moreover, "once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, of conclusory allegations to defeat a motion for summary judgment. *Id*. and *Doyle v. Sentry, Insurance Inc.*, 877 F. Supp. 1002, 1005 (E.D. Va 1995). Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits (*see* Fed. R. Civ. P. 56(e)), depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Baber*, 977 F.2d 872, *citing Celotex Corp.*, *supra*.

Summary judgment should only be granted in those cases where there is no issue of fact involved and inquiry into the facts is not necessary to clarify application of the law. *McKinney v.*

*Board of Trustees Mayland Community College*, 955 F.2d 924 (4th Cir. 1992). A district court should not grant summary judgment "unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under the circumstances." *Campbell v. Hewitt, Coleman & Assoc.*, 21 F.3d 52, 55 (4th Cir. 1994).

## FACTS

Defendant contends based upon the deposition of the plaintiff Claude Ashley that plaintiff was aware of the icy conditions and that he nevertheless proceeded across the sidewalk and attempted to enter the restaurant. Plaintiffs claim, to the contrary, that the restaurant was crowded that night; that Mrs. Ashley had entered the restaurant shortly before Mr. Ashley without incident; and that Mr. Ashley encountered black ice at the entrance, resulting in his fall. Plaintiff's counsel refers the Court to the deposition testimony of plaintiff Claude Ashley as follows:

> Q. And you said you were able to make it to the door before you fell; is that right?
> A. Yes.
> Q. Were the conditions in front of the door any different than the conditions that you encountered on any other part of the sidewalk?
> A. It appeared to be a different texture.
> Q. Explain that to me. What was the texture?
> A. It - - it looked like - - it wasn't as white as what I had seen prior to that. It was more a wet, dark appearance. . .
> Well, I guess the door opening and closing may have caused it to be a different texture.

(Claude Ashley deposition, pages 48-49).

## CLASSIFICATION OF PLAINTIFF AS INVITEE

Since this Court has jurisdiction under diversity of citizenship, we must apply the substantive law of the state of South Carolina. Under South Carolina law, there are four classes of persons who may be present on the property of another: adult trespassers, invitees, licensees, and children. In this

case, plaintiffs were invitees or business visitors[1] since they were patrons of the eating establishment.

## DUTY OF CARE

"The owner of property owes to an invitee or business visitor the duty of exercising reasonable or ordinary care for his safety, and is liable for injuries resulting from the breach of such duty." *Israel v. Carolina Bar-B-Que, Inc.,* 292 S.C. 282, 356 S.E.2d 123 (Ct. App. 1987). The question whether the defendant has provided reasonably safe premises is normally for the jury. *See Henderson v. St. Francis Community Hospital*, 303 S.C. 177, 399 S.E.2d 767 (1990). A landowner ordinarily has a duty to warn an invitee only of "latent or hidden dangers of which the landowner has knowledge or should have knowledge." *Larimore v. Carolina Power and Light*, 340 S.C. 438, 445, 531 S.E.2d 535 (Ct. App. 2000). However, the South Carolina Supreme Court has adopted the approach set forth in the Restatement (Second) of Torts §343(A)(1965) which provides:

> (1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness*.

*Callander v. Charleston Doughnut Corp.*, 305 S.C. 123, 406 S.E. 2d 361, 362(1991).

The South Carolina Supreme Court in *Callender* also cited Comment(f) to §343(A) which states that a property owner may be required to warn or take steps to protect an invitee if the landowner "has reason to expect that the invitee's attention may be distracted, so that he will not discover what is

---

[1] There are two classes of invitees, public invitees and business visitors. "A public invitee is one who is invited to enter or remain on the land as a member of the public for a purpose for which the land is held open to the public." *Goode v. St. Stephens United Methodist Church*, 329 S.C. 433, 441, 494 S.E.2d 827, 831 (Ct. App. 1997). A business visitor is an invitee whose presence on the property relates to business dealings with the owner. *Id*. South Carolina courts have found two classes of business visitors: those who enter the property in connection with the owner's business, such as an individual who enters a shop to make a purchase; and those who enter a person's land which is not open to the public to conduct business with the owner. *Sims v. Giles*, 343 S.C. 708, 541 S. E. 2d 857 (Ct. App. 2001).

4

obvious, . . . or fail to protect himself against it." *Id*., 406 S.E.2d at 363.

In the instant case, the plaintiff has alleged that the presence of "black ice" was a hidden danger of which the defendant should have had notice. Neither this Court nor the parties have located a South Carolina case discussing the effect of "black ice". However, the United States District Court for the Eastern District of Michigan has construed Michigan law to provide, in a fact situation similar to the case at bar, that there were factual issues concerning whether the black ice which allegedly caused the fall was an open and obvious danger which the plaintiff should have observed. *See Woodard v. Erp Operating Limited Partnership*, 351 F. Supp. 2d 708 (E.D. Mich. 2005). In analyzing the "open and obvious doctrine" as it pertained to the facts of the case, the Court stated:

> (Defendant) claims that any alleged ice on the sidewalk outside Kline's apartment was open and obvious. (Defendant) says that a reasonable person in (plaintiff's) position would have noticed the ice. In support of this position, (defendant) says that (plaintiff) testified that he was able to see the ice after he fell and that he was not paying attention and not looking down at where he was walking. These claims, however, are of no moment for two reasons: (1) this case involves "black ice," and by its very nature such ice is not noticeable upon casual inspection; and (2) a fair reading of (plaintiff's) deposition testimony does not support the claim that he was not paying attention while he was walking.

*Id.* at 715. The Court in *Woodard* held that the alleged presence of black ice created a factual issue for the jury to determine concerning whether the danger was open and obvious.

The Court cannot ignore the proximity of the plaintiff's fall to the defendant's restaurant. The incident occurred at the entrance door, not in the restaurant parking lot and not out on the sidewalk. While one could argue that requiring the defendant to keep parking lots and sidewalks safe for customers would be an unreasonable burden, that is not the situation we have here. Plaintiff Claude Ashley testified in his deposition as follows:

> Q.  Did you actually fall onto the sidewalk or did you fall out into the parking lot?
> A.  No, <u>I fell right at the door</u> - - -
> Q.  So you - - -

5

    A.    - - - on - - on the side right at the door.

(Claude Ashley Deposition, page 49, emphasis added).

The defendants additionally argue that the "natural accumulation rule" should apply. They contend that the justification for such rule is that the magnitude of the burden on the defendant is great and that natural weather conditions make it impossible to prevent all accidents. However, this is not the situation which we have here. The facts here are clearly distinguishable from those cases cited by the defendants, both in the location of the plaintiff's fall at the entrance door as opposed to the parking lot or sidewalk and, as noted further in this Order, the defendant's assumption of a duty of care according to Ms. Ashley's affidavit. The Court need not address whether South Carolina law adopts the "natural accumulation rule" as urged by the defendants because our facts are distinguishable.

The Court finds that the plaintiffs in the case at bar have raised factual issues regarding the negligence of the defendant which should be submitted to a jury. Here, the black ice was allegedly located at the entrance to the restaurant, near the door. A jury could reasonably conclude that a person who had successfully navigated the sidewalk could also reasonably believe that the entrance was navigable, especially where the ice at the entrance was allegedly black ice.

Another basis for denying the defendant's motion for summary judgment is that the plaintiff has presented evidence that the defendant assumed a duty to keep its entrances free of ice and snow. South Carolina courts have held that "one who assumes to act, even though under no obligation to do so, may become subject to the duty to act with due care." *See Crowley v. Spivey*, 285 S.C. 397, 406, 329 S.E. 2d 774, 780 (Ct. App. 1985); *Bryant v. City of North Charleston*, 304 S.C. 123, 403 S.E. 2d 159 (Ct. App. 1991). In *Bryant*, the South Carolina Court of Appeals held that a jury issue was present in a case involving a woman who fell on a public sidewalk. The defendant had argued that it did not own or maintain the sidewalk and that it therefore did not owe the plaintiff any duty. The Court of

Appeals held that there were facts tending to show that the defendant had assumed the duty of maintaining the sidewalk. Similarly, in the instant case, the plaintiff has submitted the Affidavit of Elissa Ashley which avers that two Waffle House employees told her that salt or sand was normally placed near the front door, sidewalk, and parking lot during ice and snow storms. The Affidavit also states: "They further told me that there should have been salt or sand applied when my husband fell but they had none on hand and so it was not done." (Affidavit, paragraph 9).

## COMPARATIVE NEGLIGENCE

The defendant also seeks summary judgment on the basis that the claims of the plaintiffs are barred by comparative negligence. They cite *Hallman v. Pointe Arcadia Horizontal Property Regime, Inc.*, 303 S.C. 555, 402 S.E.2d 493 (Ct. App. 1991), in which the plaintiff was walking from her condominium to the clubhouse and fell on ice or snow, and as mentioned by the defendants, the South Carolina Court of Appeals ruled as a matter of law that the plaintiff had assumed the risk of her injuries. As further mentioned by the defendants, in *Davenport v. Cotton Hope Plantation Horizontal Property Regime*, 333 S.C. 71, 508 S.E.2d 565 (1998), the assumption of risk doctrine is now subsumed in a comparative negligence defense. For the same reasons set forth hereinabove in this Order, this Court cannot say that the evidence when viewed in the light most favorable to the plaintiff demonstrated that the plaintiff was more than fifty percent negligent. To the contrary, a genuine issue of material fact exists.

Based on the briefs and information submitted, as well as the arguments of counsel, I find as a matter of law that there are genuine issues of material fact. At this stage, it is not the Court's function to weigh the evidence, but rather to determine whether there is a genuine issue of fact which justifies a trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

For the foregoing reasons, the undersigned **DENIES** the defendant's motion for summary judgment.

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

January 10, 2006
Florence, South Carolina